IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MIKE M. WILLOUGHBY,           )
                              )
            Plaintiff,        )
                              )
v.                            )        Civil Action No. 3:14CV223HEH
                              )
HENRICO COUNTY, ET AL.,       )
                              )
            Defendants.       )

## MEMORANDUM OPINION
### (Granting Defendants' Motions to Dismiss, Denying Plaintiff's Motions for Leave to Amend and to Toll the Federal Statute of Limitations)

This matter is before the Court on Defendants' Motions to Dismiss for Failure to

State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 11, 15,

and 18)[1], filed by Henrico County, Owen I. Ashman, Henrico County Commonwealth's

Attorney Office, Judge Lee A. Harris, and the Commonwealth of Virginia (collectively

"Defendants") on May 5, 2014.[2]  This matter is also before the Court on Mike

Willoughby's ("Plaintiff") Motion for Leave to Amend the Complaint[3] (ECF No. 22),

---

[1] The Motions to Dismiss for all related actions were filed under the lead case, Case No. 3:14cv223.

[2] Plaintiff filed five separate actions (Case Nos. 3:14cv223, 3:14cv224, 3:14cv225, 3:14cv226, and 3:14cv227) alleging fifteen claims, including a negligence claim, a claim under the Americans with Disabilities Act, and a claim under 42 U.S.C. § 1983 against each Defendant. These cases were consolidated under Case No. 3:14cv223 by this Court, via a consolidating order, due to their repetitive nature (ECF No. 2).  The only differences are that Plaintiff alleges that Defendants Judge Lee A. Harris and Owen I. Ashman are Commonwealth and County employees, and that Defendant Ashman is a Commonwealth's Attorney Office employee.

[3] As explained *supra,* Plaintiff filed five separate and nearly identical complaints.  The complaints will be referred to collectively as the "Complaint," for simplicity.

filed May 23, 2014 and Plaintiff's Motion Toll the Federal Statute of Limitations (ECF No. 23), filed on June 5, 2014. For the reasons stated herein, Defendants' Motions to Dismiss will be granted, Plaintiff's Motion for Leave to Amend will be denied, Plaintiff's Motion to Toll the Federal Statute of Limitations will be denied, and the action will be dismissed with prejudice.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the facts are as follows:

Plaintiff was arrested on October 7, 2007 for malicious wounding and abduction. (Compl. 1 (unnumbered paragraphs), 3:14-cv-00223, ECF No. 4; 3:14-cv-00224, ECF No. 1-1; 3:14-cv-00225, ECF No. 1-1; 3:14-cv-00226, ECF No. 1-1; 3:14-cv-00227, ECF No. 1-1). His trial was held in Henrico County Circuit Court, with Judge Lee A. Harris presiding, and Owen I. Ashman as counsel for the Commonwealth. *Id.* A psychological evaluation was conducted on April 24, 2008 to determine Plaintiff's competency to stand trial. (Compl. Ex. D thereto, ECF No. 4-4). The core of Plaintiff's allegations are that Judge Harris and Ashman "didn't ensure that…[he] receive[d] a fair psychological evaluation to help in [his] legal defense, and forced [him] to have an inaccurate trial, resulting in damages." (Compl. at ¶ 3). Plaintiff claims that Judge Harris and Ashman are responsible for these damages, and sues both individuals in their official capacity, as

2

well as the County of Henrico, the Commonwealth of Virginia, and the Henrico County

Commonwealth's Attorney's Office, based on the theory that the individuals named were

employees of the three entities.[4]  (Compl. at ¶ 3).

Plaintiff attaches various exhibits evidencing a 2008 psychological evaluation

during which the court-appointed psychologist gathered and used five sources of

information: "(1) Court order for the evaluation, (2) Telephone interviews with Sheila

Willoughby, his mother, and Gwen Dabney, his aunt, (3) Telephone interview with Gary

Major at Henrico Mental Health, (4) Treatment records from the Henrico Jail West, (5)

Interview with the defendant [Mike Willoughby] on 4/3/08 at the Henrico Jail East."

(Compl. Ex. D thereto).  Plaintiff starred and circled a portion of the evaluation which

states "No warrants or offense-related records were provided for review," but does not

explain what such emphasis means.  (Compl. Ex. D thereto).  The evaluating court-

appointed psychologist concluded that Plaintiff "possessed a rational and adequately

factual understanding of a trial and the roles of courtroom personnel, and possessed the

capacity to assist counsel in preparing a defense." (Compl. Ex. E thereto (ECF No. 4-5)).

Plaintiff asks this Court for three million dollars in relief, resulting from a

deprivation of his rights as a disabled individual under the Americans with Disabilities

Act ("ADA"), a deprivation of his constitutional rights under 42 U.S.C. § 1983, and

negligence of Defendants. (Compl. at ¶¶1,4; 3 (unnumbered paragraphs); 4 (unnumbered

paragraphs)).  He alleges Defendants caused him injuries and monetary damages

---

[4] The Court notes, however, that Judge Harris and Ashman are both Commonwealth employees,
their positions having been established by Va. Const. art. VI and Va. Code § 15.2-1626,
respectively.

3

including medical expenses, broken heels, loss of Social Security income, and pain and suffering. (Compl. at ¶ 4). Plaintiff also claims that he was incapacitated but provides no facts to suggest this aside from a letter evidencing a Social Security Administration determination that he had been found to have become "disabled under our rules on January 3, 2003." (Compl. 3; Compl. Ex. A-1 thereto (ECF No. 4-8)).

## II. DISCUSSION

Plaintiff in this case offers but a mere "formulaic recitation of the elements of a cause of action" in his Complaint. *Twombly*, 550 U.S. at 555. He pleads money damages of three million dollars as well as damages resulting from his personal and physical injuries, and requests three million dollars of relief. (Compl. at ¶ 4). However, the causal link between Defendants' actions, if any, and the asserted damages is wholly missing and this Court cannot decipher a plausible claim from the few facts presented.

### A.    MOTIONS TO DISMISS

#### i.    STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual

4

allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). And "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir. 1985); and *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)).

### ii.  PLAINTIFF'S NEGLIGENCE CLAIMS

As to Plaintiff's five negligence claims against Defendants, Plaintiff must "show the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *McGuire v. Hodges*, 273 Va. 199, 205-06 (2007) (quoting *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003)). As Defendants have noted, Plaintiff's negligence claims are insufficiently pled. (Defs. Commonwealth of Virginia and Judge Lee A. Harris's Mem. 11 (ECF No. 19); Def. Henrico County's Mem. 3 (ECF No. 12); Defs. Henrico County Commonwealth's Attorney's Office and Owen I. Ashman's Mem. 7 (ECF No. 16)). There is no factual basis provided in the Complaint to allow this Court to find a legal duty of care owed to Plaintiff, a breach of said duty, or a causal link between the alleged conduct of Defendants and the injury of Plaintiff. Surely, "the question of liability for negligence cannot arise at all until it is established that the man who has been negligent owed some duty to the person who seeks to make him liable for his negligence." *Dudley v. Offender Aid & Restoration, Inc.*, 241 Va. 270, 277 (1991). There is no evidence of any conduct of Defendants, aside from the following: Judge Harris was the presiding judge for Plaintiff's criminal trial; Ashman was the prosecuting attorney; and Defendants allowed Plaintiff to be evaluated by a psychologist, which lead to Plaintiff's psychological report showing that Plaintiff was competent to stand trial. (Compl. 1 (unnumbered paragraphs); Compl. Exs. D, E, F, G thereto).

Plaintiff provides no evidence or facts to show why his psychological report was unfair. Where the capacity of a defendant in a state criminal case "is to be a significant factor at trial," that defendant has a right of "access to a competent psychiatrist who will

6

conduct an appropriate examination and assist in evaluation, preparation, and presentation of the [incapacity] defense." *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). The main concern in *Ake* is "ensuring a defendant access to a psychiatrist or psychologist, not with guaranteeing a particular substantive result." *Wilson v. Greene*, 155 F.3d 396, 401 (4th Cir. 1998). The criminal defendant does not have "a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own." *Ake*, 470 U.S. at 83. The court's proper role is not to decide the effectiveness of an expert witness, such as a psychologist. *Wilson*, 155 F.3d at 401. "To entertain such claims would immerse federal judges in an endless battle of the experts to determine whether a particular psychiatric examination was appropriate." *Id.* It would also "undermine the finality of state criminal convictions, which would constantly be subject to psychiatric reappraisal years after the trial had ended." *Id.* Here, Plaintiff has "plead himself out of court by pleading facts that show that he has no legal claim," as he has provided evidence that Defendants satisfied any duty owed under *Ake* or *Wilson* when they provided him access to a court-appointed psychologist at trial. (Compl. Exs. D, E, F, G thereto; ECF Nos. 4-4, 4-5, 4-6, 4-7). *Atkins*, 631 F.3d at 832; *Wilson*, 155 F.3d at 401.

Plaintiff provides x-ray evidence of his fractured heels (Compl. Ex. C thereto, ECF No. 4-3). However, he does not plead any facts surrounding his injury, how his heels were fractured, or why Defendants should be held responsible for these injuries. He merely makes the legal conclusion that Defendants were negligent. For example, when Plaintiff states that "as a direct and proximate result of the defendant's negligence . . . I . . . suffered the following damages . . . ," he must also plead a plausible factual basis to

support the legal conclusion that Defendants acted negligently. (Compl. at ¶ 4). This Court cannot infer that Defendants acted negligently or that those particular acts caused Plaintiff's injuries, based upon legal conclusion alone. *Ashcroft*, 556 U.S. at 678. The Complaint is insufficient because this Court cannot point to any of Defendants' actions or omissions alleged therein, which constitute negligence or which caused Plaintiff's injuries.

### iii. PLAINTIFF'S CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

As Defendants have argued, Plaintiff's five claims under the ADA are insufficiently pled. (Defs. Commonwealth of Virginia and Judge Lee A. Harris's Mem. 10-11, Def. Henrico County's Mem. 6-7, Defs. Henrico County Commonwealth's Attorney's Office and Owen I. Ashman's Mem. 8-9). Plaintiff has provided evidence of his status as a disabled individual under the ADA.[5] He does not, however, provide any evidence or plead any facts that suggest that he was, "by reason of such disability, . . . excluded from participation in or . . . denied the benefits of . . . services, programs, or activities" or was "subjected to discrimination" in any way. 42 U.S.C. § 12132. Plaintiff complains to this end that he was not guaranteed a "fair psychological evaluation to help in [his] legal defense." (Compl. at ¶ 3). However, as discussed *supra*, Defendants have satisfied their duty to Plaintiff by providing him access to a court-appointed psychologist.

---

[5] The statute requires that a qualified individual "meet the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131. To this effect, Plaintiff has provided evidence that he had been found to have become "disabled under [the Social Security Administration] rules on January 3, 2003." (Compl. Ex. A-1 thereto).

### iv.     PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983

Also, as Defendants contend, the five claims made by Plaintiff under 42 U.S.C. §
1983 are insufficiently plead. (Defs. Commonwealth of Virginia and Judge Lee A.
Harris's Mem. 11; Def. Henrico County's Mem. 6; Defs. Henrico County
Commonwealth's Attorney's Office and Owen I. Ashman's Mem. 9-10). Plaintiff
provides no factual basis that he had been "subjected...to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The
only deprivation of which he complains is that he was not guaranteed a "fair
psychological evaluation to help in [his] legal defense." (Compl. at ¶ 3). However, this
is not a deprivation of a Constitutional right, as "[t]he Constitution does not entitle a
criminal defendant to the effective assistance of an expert witness," such as a
psychologist. *Wilson* 155 F.3d at 401.

### v.     APPROPRIATENESS OF DEFENDANTS AS PARTIES

The failure of Plaintiff's Complaint to comply with the standard set forth in
*Twombly* alone is dispositive. However, out of an abundance of caution, this Court
addresses the other grounds by which the claims may be dismissed as against the
individual Defendants.

As Defendants have argued, none of Defendants are appropriate parties to be sued.
(Defs. Commonwealth of Virginia and Judge Lee A. Harris's Mem. 5, 7; Def. Henrico
County's Mem. 3; Defs. Henrico County Commonwealth's Attorney's Office and Owen
I. Ashman's Mem. 3-5). First, Henrico County is not an appropriate party, as it has not
acted in any way through any of its agents in any of the facts alleged. Judge Harris and

Ashman are employees of the Commonwealth, rather than of Henrico County, as their positions were established by Va. Const. art. VI and Va. Code § 15.2-1626, respectively. Secondly, Judge Harris is not a proper party. As a judge, he enjoys absolute immunity for any damages which arise out of his judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. 335 (1872); *Stump v. Sparkman*, 435 U.S. 349 (1978)). Thirdly, Ashman is not a proper party, as she enjoys prosecutorial immunity from civil liability arising out of cases which she prosecutes. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Fourthly, a county's "Commonwealth's Attorney's Office is an arm of the Commonwealth and therefore immune from suit under the Eleventh Amendment." *Trantham v. Henry County Sherriff's Office*, 2011 U.S. Dist. LEXIS 24512 at *15 (W.D. Va. March 10, 2011). (Mem. in Support).

Finally, the Commonwealth of Virginia[6] enjoys sovereign immunity from suits by its citizens unless it otherwise consents to being sued. *Hans v. Louisiana*, 134 U.S. 1, 17 (1890); U.S. Const. Amend. XI. Although the Commonwealth may enjoy sovereign immunity generally, the Commonwealth's sovereign immunity under Title II of the ADA is abrogated in the limited context of the Fourteenth Amendment. The Commonwealth has also statutorily consented to the some of the types of actions provided in the Complaint, and these statutes warrant the Court's attention.

As to ADA Title II claims, Congress has abrogated state sovereignty only as it relates to actions which violate the Fourteenth Amendment. *United States v. Georgia*,

---

[6] The Commonwealth is not a "person" under the meaning of 42 U.S.C. § 1983, and thus cannot be sued under the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

546 U.S. 151, 154; 158 (2006). [7]  Yet, as stated *supra*, "[t]he Constitution does not entitle

a criminal defendant to the effective assistance of an expert witness," such as a

psychologist. *Wilson* 155 F.3d at 401. Plaintiff's Complaint does not allege a violation

of the Constitution in general, or the Fourteenth Amendment in particular. Therefore, the

Commonwealth has sovereign immunity as to these ADA title II claims, and cannot be

sued.

      Negligence claims may be brought against the Commonwealth under Va. Code §

8.01-195.3 ("Virginia Tort Claims Act"), but liability is limited to one hundred thousand

dollars, and Plaintiff must show that Defendant Commonwealth employees were acting

"within the scope of [their] employment" when they were negligent. Plaintiff here

merely states the legal conclusion that Judge Harris and Ashman were Commonwealth

"employees" and "acting under Color of Law." (Compl. at ¶ 1). He pleads no specific

actions within the scope of Ashman and Judge Harris' employment with the

Commonwealth that suggest they had been negligent. Even if this were so, the

prosecutorial and judicial immunities of Ashman and Judge Harris, as addressed *supra*,

would still bar any recovery under the Virginia Tort Claims Act.

---

[7] *See Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001)
(holding that "Congress is the final authority as to desirable public policy, but in order to
authorize private individuals to recover money damages against the states, there must be a
pattern of discrimination by the states which violates U.S. Const. amend. XIV, and the remedy
imposed by Congress must be congruent and proportional to the targeted violation."). *See also*
*United States v. Georgia*, 546 U.S. 151, 158 (2006) (holding that "insofar as Title II of the
Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.S. § 12131 et seq., creates a private
cause of action for damages against the states for conduct that actually violates the Fourteenth
Amendment, Title II of the ADA validly abrogates state sovereign immunity.").

## B.    PLAINTIFF'S MOTION TO TOLL THE STATUTE OF LIMITATIONS

As Defendants have argued, Plaintiff's claims are all barred by the relevant

statutes of limitation.  (Defs. Commonwealth of Virginia and Judge Lee A. Harris's

Mem. 8-10; Def. Henrico County's Mem. 8-9; Defs. Henrico County Commonwealth's

Attorney's Office and Owen I. Ashman's Mem. 6-8).  Plaintiff moves to toll the statutes

of limitation, based upon an argument that he is disabled.[8]  In all of Plaintiff's claims, the

relevant statutes of limitation are Virginia state statutes.  Therefore, this Court may toll

the statute of limitations upon a finding of incapacity, which according to Va. Code §

8.01-229 is appropriate where the individual is "so adjudged by a court of competent

jurisdiction, or if it shall otherwise appear to the court or jury determining the issue that

such person is or was incapacitated within the prescribed limitation period."

The standard for incapacity is wholly separate from that of disability, and Plaintiff

provides no evidence to the effect that he was ever found to be incapacitated.  Even still,

Plaintiff, asks that this Court toll the respective statutes of limitation[9] for his claims, due

to his disability.  (Mot. to Toll, 1 (ECF No. 23)).  Plaintiff provides evidence of a Social

---

[8] Plaintiff has filed "Motion To Toll-Attachment" (ECF No. 25). Although filed as a motion, the Court will interpret it as an attachment, as it is titled as such and addresses the same subject matter as the Motion to Toll. Plaintiff correctly identifies that the state statutes of limitation control for all claims, but also cites antiquated case law to the effect that "[w]here there are two or more disabilities coexisting in the same person when his right of action accrues, he is not obliged to act until the last is removed." *Wilson v. Branch*, 77 Va. 65, 72-73 (1883); *Blackwell's Adm'r v. Bragg*, 78 Va. 529, 537 (1884). This quotation addresses the voidability of contracts due to the "disabilities" of infancy and marriage, and has no bearing on the current proceeding.

[9] Plaintiff originally asked the Court to toll the Federal statute of limitations. However 42 U.S.C. § 1983 is "deficient" under 42 U.S.C. § 1988, meaning that it has no integrated statute of limitations. Therefore, state statutes of limitation apply. Similarly, under the ADA and the law of negligence claims are governed by the relevant state statutes of limitation.

Security Administration determination that he had been found to have become "disabled under our rules on January 3, 2003." (Compl. 3; Compl. Ex. A-1 thereto, (ECF No. 4-8)). Plaintiff also presents evidence suggesting that he had been judged competent by a court-appointed psychologist at trial. (Compl. Ex. E thereto). The evidence indicates Plaintiff was disabled at, before, and after trial, but there is no evidence that he was legally incapacitated.

Moreover, Plaintiff has alleged insufficient facts to provide a prima facie case for any of his claims, and the dates of any acts (aside from the trial and the psychological evaluation) are not included in the Complaint. However, this Court assumes, *arguendo* for the sake of the statutes of limitation analysis and in alignment with the liberal construction owed to *pro se* complaints, that all events took place in 2008 (the latest date provided in the Complaint). (Compl. Ex. F thereto). Applying the relevant statutes of limitation in the manner argued by Defendants, and denying Plaintiff's Motion to Toll, Plaintiff's claims are all time-barred.[10]

---

[10] As mentioned *supra*, the Court uses the 2008 date in regards to claim accrual. For the ADA claims, the relevant statute of limitations in Virginia is one year, which would have run after any discriminatory acts of Defendants caused the action to accrue. Thus, Plaintiff's causes of action, which accrued before 2013, are barred. *See generally Thorne v. Hale*, 2009 U.S. Dist. LEXIS 25938 (E.D. Va. 2009). For the 42 U.S.C. § 1983 claims, the relevant statute of limitations in Virginia is two years, which would have run after any acts of Defendants which deprived Plaintiff rights under § 1983 caused the action to accrue. Accordingly, Plaintiff's causes of action, which accrued before 2012, are barred. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); Va. Code § 8.01-243(A). For the negligence claims, the relevant statute of limitations in Virginia is two years, which would have run after any negligence of Defendants which caused Plaintiff injury, causing the action to accrue. Therefore, Plaintiff's causes of action, which accrued before 2012, are barred. *See* Va. Code § 8.01-248.

## C.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND

"The disposition of a motion to amend is within the sound discretion of the district court." *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). The Federal Rules of Civil Procedure provide that parties should "freely" be given leave by the Court to amend their incomplete or otherwise defective pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2).   As the Fourth Circuit has explained, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).

Fed. R. Civ. P. 15 (a)(1)(B) reads, in relevant part, "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier." Plaintiff therefore had until May 26, 2014 to file an amended Complaint, without needing leave of Court. This date having passed, Plaintiff may amend the Complaint only with the written consent of opposing counsel or leave of this Court. *See* Fed. R. Civ. P. 15(a) (2).

Plaintiff contends that due to his confinement he cannot amend his Complaint "effectively and professionally." (Mot. for Leave 3 (unnumbered paragraphs)). However, the pleading standard for *pro se* litigants is generous, as it requires that "[a] document filed pro se is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)).   In addition,

14

"[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). This Court does not require a professional Complaint from the *pro se* Plaintiff. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

Even if Plaintiff were granted leave, any possible amendments to the Complaint would be futile. Plaintiff can plead no set of facts which can cure the procedural defects in the Complaint that undermine all claims. For reasons outlined *supra*, Plaintiff's claims are time-barred by the relevant statutes of limitation. Also, each Defendant is immune from all claims brought by Plaintiff, barring all recovery for Plaintiff for any liability incurred by Defendants.

## III. CONCLUSION

In sum, this Court finds that Plaintiff has not pled a plausible factual basis for any of his fifteen causes of action against Defendants. This alone is sufficient to dismiss the matter. Moreover, none of Defendants are proper parties to be sued and the applicable statutes of limitation time-bar all claims. Accordingly, the Court grants Defendants' Motions to Dismiss, denies Plaintiff's Motion for Leave to Amend, and denies Plaintiff's Motion to Toll the Federal Statute of Limitations. This case is dismissed with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

_Hal_ /s/
Henry E. Hudson
United States District Judge

Date: _June 27, 2014_
Richmond, Virginia